# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. DELANO THOMAS KIPP, Defendant. | CR 14-04-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Delano Thomas Kipp (Kipp) has been accused of violating the conditions of his supervised release. Kipp admitted all of the alleged violations. Kipp's supervised release should be revoked. Kipp should be placed in custody for 7 months, with 25 months of supervised release to follow. Kipp should receive credit for the 131 days he has served in state custody.

## II. Status

Kipp pleaded guilty to Conspiracy to Possess with the Intent to Distribute Methamphetamine on March 4, 2014. (Doc. 20). The Court sentenced Kipp to 72 months of custody, followed by 36 months of supervised release. (Doc. 31). Kipp's current term of supervised release began on March 4, 2019. (Doc. 55 at 2).

**Petition**

The United States Probation Office filed a Petition on August 8, 2019, requesting that the Court revoke Kipp's supervised release. (Doc. 55). The Petition alleges that Kipp violated the conditions of his supervised release: 1) by using a controlled substance; 2) by committing another crime; 3) by failing to follow the instructions of his probation officer; and 4) by consuming alcohol. (Doc. 55 at 2-3).

**Initial appearance**

Kipp appeared before the undersigned for his initial appearance on December 12, 2019. Kipp was represented by counsel. Kipp stated that he had read the petition and that he understood the allegations. Kipp waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on December 12, 2019. Kipp admitted that he had violated the conditions of his supervised release: 1) by using a controlled substance; 2) by committing another crime; 3) by failing to follow the instructions of his probation officer; and 4) by consuming alcohol. The violations are serious and warrant revocation of Kipp's supervised release.

Kipp's violations are Grade C violations. Kipp's criminal history category is I. Kipp's underlying offense is a Class C felony. Kipp could be incarcerated for up to 24 months. He could be ordered to remain on supervised release for up to 32 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Kipp's supervised release should be revoked. Kipp should be incarcerated for 7 months, with 25 months of supervised release to follow. Kipp should receive credit for the 131 days he has served in state custody. The supervised release conditions imposed previously should be continued. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Kipp that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Kipp of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Kipp that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Kipp stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to

waive his right to allocute before Judge Morris.

The Court **FINDS:**

> That Delano Thomas Kipp violated the conditions of his supervised release: by using a controlled substance; by committing another crime; by failing to follow the instructions of his probation officer; and by consuming alcohol.

The Court **RECOMMENDS:**

> That the District Court revoke Kipp's supervised release and commit Kipp to the custody of the United States Bureau of Prisons for 7 months, with 25 months of supervised release to follow. Kipp should receive credit for the 131 days he has served in state custody.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the

right to appear and allocute before a district judge.

DATED this 13th day of December, 2019.

                                                   John Johnston
                                                 United States Magistrate Judge