

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

FILED
JUN 03 2020
Clerk, U.S District Court
District Of Montana
Great Falls

| UNITED STATES OF AMERICA, | CR 14-04-GF-BMM-JTJ |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| DELANO THOMAS KIPP, | |
| Defendant. | |

## I. Synopsis

Defendant Delano Thomas Kipp (Kipp) has been accused of violating the conditions of his supervised release. Kipp admitted all of the alleged violations. Kipp's supervised release should be revoked. Kipp should be placed in custody for 5 months, with 20 months of supervised release to follow. Kipp should serve his term of custody at the Bureau of Prisons' facility in Sandstone, Minnesota, or at the Bureau of Prisons' facility in Oxford, Wisconsin.

## II. Status

Kipp pleaded guilty to Conspiracy to Possess with the Intent to Distribute Methamphetamine on March 4, 2014. (Doc. 20). The Court sentenced Kipp to 72 months of custody, followed by 36 months of supervised release. (Doc. 31).

Kipp's current term of supervised release began on February 4, 2020. (Doc. 66 at 2).

**Petition**

The United States Probation Office filed a Petition on April 28, 2020, requesting that the Court revoke Kipp's supervised release. (Doc. 66). The Petition alleges that Kipp violated the conditions of his supervised release: 1) by failing to report to his probation officer as directed; and 2) by failing to notify his probation officer of a change in residence. (Doc. 66 at 3).

**Initial appearance**

Kipp appeared before the undersigned for his initial appearance on June 2, 2020. Kipp was represented by counsel. Kipp stated that he had read the petition and that he understood the allegations. Kipp waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on June 2, 2020. Kipp admitted that he had violated the conditions of his supervised release: 1) by failing to report to his probation officer as directed; and 2) by failing to notify his probation officer of a change in residence. The violations are serious and warrant revocation of

2

Kipp's supervised release.

Kipp's violations are Grade C violations. Kipp's criminal history category is I. Kipp's underlying offense is a Class C felony. Kipp could be incarcerated for up to 24 months. Kipp could be ordered to remain on supervised release for up to 25 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Kipp's supervised release should be revoked. Kipp should be incarcerated for 5 months, with 20 months of supervised release to follow. This sentence is sufficient but not greater than necessary. Kipp should serve his term of custody at the Bureau of Prisons' facility in Sandstone, Minnesota, or at the Bureau of Prisons' facility in Oxford, Wisconsin.

### IV. Conclusion

The Court informed Kipp that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Kipp of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Kipp that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

>That Delano Thomas Kipp violated the conditions of his supervised release: by failing to report to his probation officer as directed; and by failing to notify his probation officer of a change in residence.

The Court **RECOMMENDS:**

>That the District Court revoke Kipp's supervised release and commit Kipp to the custody of the United States Bureau of Prisons for 5 months, with 20 months of supervised release to follow. Kipp should serve his term of custody at the Bureau of Prisons' facility in Sandstone, Minnesota, or at the Bureau of Prisons' facility in Oxford, Wisconsin.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the

right to appear and allocute before a district judge.

DATED this 3rd day of June, 2020.

                                                John Johnston  
                                                United States Magistrate Judge